ESTEBAN-TRINIDAD LAW, P.C.
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff
RANDY DOSSAT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY DOSSAT, an individual;<br><br>                    Plaintiff,<br><br>vs.<br><br>HOFFMANN-LA ROCHE, INC. dba ROCHE LABS, a New Jersey Corporation; ROCHE LABS, INC., a corporation, DOES 1 through 10, inclusive; ROES CORPORATIONS/ENTITIES 1 through 10 inclusive,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>***(JURY TRIAL DEMANDED)*** |

Plaintiff RANDY DOSSAT ("DOSSAT"), for his causes of action against the above-named Defendants, complains and alleges as follows:

## I.
## INTRODUCTION

This is an age discrimination case. Plaintiff worked for Defendant for many years, as he got older, Defendant subjected Plaintiff to age-related discriminatory comments, such as, Plaintiff being told he was "old school" and provided pre-textual negative performance evaluations. Defendant treated younger, similarly and/or less qualified employees, who were outside of his protected class, more favorably. After filing an age discrimination complaint with the EEOC, Plaintiff received a negative performance evaluation.

-1-

## II.
## PARTIES & JURISDICTION

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e et. seq., 29 U.S.C. §206(d)(2000), and 28 U.S.C. §1343.

2. Venue is proper in this District because a substantial part of the event and/or omissions giving rise to the claim occurred in the State of Nevada. 28 U.S.C. §1391(b)(2). Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(3)-(c).

3. Plaintiff RANDY DOSSAT ("DOSSAT") is and was, at all times relevant hereto, an individual presently residing in the State of Nevada, Las Vegas. Plaintiff is an "employee" under 42 U.S.C. §2000e (f) for the purposes of this action.

4. Defendant HOFFMANN-LA ROCHE, INC. ("ROCHE") is and was, at all times relevant to herein, a New Jersey corporation doing business in the State of Nevada, Las Vegas. Upon information and belief ROCHE does business as ROCHE LABS, INC. Defendants, and each of them, are an "employer" under 42 U.S.C. §2000e(b) for purposes of this action.

5. Plaintiff timely files this suit following receipt of his Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC) dated January 21, 2009.

6. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants, employees, employers, alter-egos, partners, co-owners and/or joint venture's of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency, ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the

-2-

Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

### III.
### FACTUAL ALLEGATIONS

7. On or about April 16, 1997, Plaintiff started working for Defendant as Division Sales Manager. In this capacity, Plaintiff led and managed Sales Professional for the Company in California, Nevada and Arizona.

8. Prior to the discriminatory acts alleged herein, Plaintiff had been an excellent employee, receiving at least three (3) Special Achievement Awards, the President's Club Award, various incentive and performance based awards and bonuses, including, but not limited to, highest sales award, Stretch Trip Award and Product Contest Awards. Plaintiff regularly earned Annual Performance Salary Increases since he joined ROCHE in 1997.

9. On or about October 30, 2006, JAMES HOLLOWAY ("HOLLOWAY") became Plaintiff's Manager.

10. On or about December, 2006, Plaintiff received a positive Year End performance review.

11. On or about January, 2007, HOLLOWAY started discriminating against Plaintiff because of his age, to wit:

    a. HOLLOWAY repeatedly referred to Plaintiff as "Old School;"

    HOLLOWAY often inappropriately referenced Plaintiff's "tenure" which Plaintiff believed to refer to Plaintiff's age, over forty (40);

12. On or about August 13, 2007, HOLLOWAY issued Plaintiff a Written Warning for an incident that had allegedly occurred more than three (3) months prior to the date of issuance of the Written Warning. In the Warning, HOLLOWAY again referenced Plaintiff's "tenure," which Plaintiff believed referred to his age, over forty (40).

13. On or about December 10, 2007, Plaintiff had a Year End Review meeting with HOLLOWAY ("December 2007 Review"). During the meeting, HOLLOWAY told Plaintiff that Plaintiff might not be a good match for the "new" environment at ROCHE. HOLLOWAY informed Plaintiff to "think real, real, real hard" as to whether the Division Sales Manager position that Plaintiff had held for the past few years was the right career choice for Plaintiff. HOLLOWAY also suggested to Plaintiff that should Plaintiff choose to leave the Division Sales Manager position, that HOLLOWAY would help Plaintiff.

14. During Plaintiff's December 2007 Review, HOLLOWAY issued Plaintiff another written warning, about an alleged recent Accounts Payable Audit.

15. Plaintiff's written December 2007 Review contained several references to Plaintiff's "tenure" with ROCHE and other age-related discriminatory comments and inaccuracies;

### FIRST COMPLAINT OF AGE DISCRIMINATION TO HUMAN RESOURCES

16. On or about December 14, 2007, Plaintiff filed an age discrimination complaint with ROCHE Human Resources. ROCHE failed, refused, and/or otherwise neglected to take prompt corrective remedial action in response to Plaintiff's complaint.

..

..

..

..

-4-

### NEGATIVE PERFORMANCE REVIEW IN RETALIATION FOR FIRST COMPLAINT

17. On or about February 22, 2008, HOLLOWAY informed Plaintiff that Plaintiff would not have an increase in salary because Plaintiff's allegedly did not meet "rating" for the year 2007.

18. During the year 2007, Plaintiff's sales were ranked as one of the highest in the Nation out of 61 Divisions.

### SECOND COMPLAINT OF AGE DISCRIMINATION WITH HUMAN RESOURCES

19. On or about February 26, 2008, Plaintiff again filed a complaint of discrimination (retaliation) with ROCHE Human Resources. Once again, ROCHE failed, refused, and/or otherwise neglected to take prompt corrective remedial action in response to Plaintiff's complaint.

### FIRST CHARGE OF AGE DISCRIMINATION WITH NERC AND EEOC

20. On or about June 2, 2008, Plaintiff filed a Complaint for age discrimination with NERC and EEOC ("First Charge of Discrimination").

21. On or about December 30, 2008, Plaintiff requested his Right to Sue Letter.

22. On or about January 21, 2009, Plaintiff received a Right to Sue Letter for his First Charge Discrimination against Defendant. Upon information and belief, Defendant, on or about the same time, was informed by the NERC and/or EEOC that Plaintiff's case with NERC/EEOC was being closed.

### NEGATIVE PERFORMANCE REVIEW IN RETALIATION FOR FIRST CHARGE OF DISCRIMINATION

23. On or about January 21, 2009, Defendant, through HOLLOWAY, gave Plaintiff a negative year-end performance review. As of date of filing this Complaint, however, Defendant has failed, refused, and/or otherwise neglected to provide Plaintiff with a written documentation for this negative performance review.

24. On or about January 29, 2009, Defendant, through TIM GEORGE, Vice-President of Sales, and KRISTINE KOPTCHEK, Human Resources Manager, attempted to force, coerce and/or otherwise pressure Plaintiff into resigning his position with the Defendant.

25. Shortly thereafter, Plaintiff filed his Second Charge of Discrimination against Defendant alleging retaliation in violation of 42 U.S.C. §2000(e)(3).

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. 2000e *et. seq.*
### *Age Discrimination in Employment Act of 1967 (ADEA)*

26. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

27. Plaintiff timely filed a Charge of Discrimination with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC) against Defendant alleging age discrimination.

28. Plaintiff timely filed a Charge of Discrimination with NERC and the EEOC for retaliation in violation of 42 U.S.C. §2000(e)(3).

29. As a direct result of the Defendant ROCHE's unlawful, discriminatory conduct, Plaintiff suffered financial harm and emotional distress. The above described acts of Defendant were intentional and done with a conscious disregard for Plaintiff's federally protected rights.

30. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

### SECOND CAUSE OF ACTION
### TITLE VII OF THE CIVIL RIGHTS ACT (SEC. 704(A) /
### 42 U.S.C. SECTION 2000e-3 RETALIATION

31. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

32. Defendant retaliated against Plaintiff in violation of Section 704(a) of Title VII by taking adverse employment action against him including, but not limited to, issuing Plaintiff negative performance evaluations and suggesting that Plaintiff resign from his employment with Defendant, because of her participation in and/or opposition to practices and/or actions of Defendant that are unlawful by virtue of Title VII.

33. Defendant's conduct directly and proximately caused Plaintiff to suffer loss of wages, loss of earning capacity and loss of employment, as well as severe emotional and physical distress for which he claims compensatory and punitive damages from Defendant.

34. Defendant's actions were intentional, deliberate, willful, malicious, reckless and conducted in callous disregard for the harm caused to Plaintiff.

35. Plaintiff is entitled to all legal and equitable remedies available under Title VII as a result of the retaliation suffered as a result of Defendant's conduct.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING

36. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

37. Defendant ROCHE knew or should have known with the exercise of minimum due diligence that certain ROCHE employees, agents, management, and/or representatives, would harass, discriminate and/or subject Plaintiff to age discrimination and other retaliatory actions as alleged herein above in violation of federal and state law.

38. As a direct and proximate cause of Defendant's negligent hiring practices, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions

-7-

may be permanents and disabling in nature, all to Plaintiff's damage in an amount to be determined according to proof at time of trial.

### FOURTH CAUSE OF ACTION
### NEGLIGENT TRAINING AND SUPERVISION

39. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

40. Defendant ROCHE failed to adequately train and supervise its employees in diversity training as it applies to the ADEA and/or other anti-retaliation statutes.

41. As a direct and proximate cause of Defendant ROCHE's failure to adequately train and supervise its employees, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount to be determined according to proof at time of trial.

### FIFTH CAUSE OF ACTION
### NEGLIGENT RETENTION

42. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

43. Defendant ROCHE knew or should have known that its employees and certain of its management members were engaged in activities contrary to the ADEA, and to the laws of the State of Nevada, and nonetheless, Defendant ROCHE allowed these employees, to remain in their employment. As a result of this negligent retention, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount to be determined according to proof at time of trial.

..

..

-8-

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

45. That the conduct of Defendants, and each of them, its agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff.

46. That the conduct of Defendants, and each of them, its agents, employees and/or representatives were intentional, malicious, willful and outrageous, therefore, constitutes an intentional infliction of emotional distress to Plaintiff.

47. That as a direct and proximate result of Defendants conduct, and each of them, Plaintiff suffered emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.

48. That as a direct and proximate result of Defendants acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, loss of earnings, and loss of enjoyment of life, all to said Plaintiff's general damage in an amount to be determined, according to proof at time of trial.

49. That Defendant's conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at time of trial.

50. As a further result of Defendant's above described actions, Plaintiff has been required to engage the services of an attorney and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

..

..

WHEREFORE, Plaintiff prays for the following relief:

1. Back-pay, resulting from loss of pay increases, benefits and pre-judgment interest;

2. Removal of all adverse information from Plaintiff's personnel files;

2. Compensatory damages, according to proof, to be determined at time of trial;

3. Punitive damages, according to proof to be determined at time of trial;

4. Attorney's fees, expenses and costs of suit; and

5. Such other and further relief as the Court may wish to entertain.

DATED this ____ day of February, 2009.

ESTEBAN-TRINIDAD LAW, P.C.

BY: _____
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff
RANDY DOSSAT

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demandd a trial by jury as to all issues.

DATED this ⟨6th⟩ day of February, 2009.

ESTEBAN-TRINIDAD LAW, P.C.

BY: _/s/_
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff
RANDY DOSSAT

## VERIFICATION

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

RANDY DOSSAT, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; that the same is true of my own knowledge except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

_____
RANDY DOSSAT

SWORN AND SUBSCRIBED TO before me this 10th day of February, 2009.

_____
NOTARY PUBLIC in and for said County and State.

NOTARY PUBLIC
CANDESS ZONA
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 29, 2012
No: 04-89964-1

-1-