**OPP**
**ESTEBAN-TRINIDAD LAW, P.C.**
M. Lani Esteban-Trinidad
Nevada Bar No. 006967
4315 N. Rancho Dr., Ste 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Fax: (702) 736-5299
Attorney for Plaintiff,
RANDY DOSSAT

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RANDY DOSSAT, an individual;<br>               Plaintiff,<br>vs.<br>HOFFMANN-LA ROCHE, INC. dba ROCHE LABORATORIES, a New Jersey Corporation; ROCHE LABORATORIES, INC., a corporation, DOES 1 through 10, inclusive; ROES CORPORATIONS/ENTITIES 1 through 10 inclusive,<br>               Defendants. | Case No. 2:09-cv-00245-KJD-PAL |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE AND TESTIMONY INVOICES FROM DEFENDANTS' ATTORNEYS

Plaintiff Randy Dossat ("Plaintiff"), through his attorney M. Lani Esteban-Trinidad, of the law firm of Esteban-Trinidad Law, PC, hereby opposes Defendants' Motion in Limine to Exclude from Evidence and Testimony Invoices from Defendants' Attorneys.

This Opposition is based on the pleadings on file herein, the memorandum of points and authorities attached hereto, the exhibits attached hereto, and any oral argument that this Honorable Court may permit.

DATED this 17th day of May, 2010.

ESTEBAN-TRINIDAD LAW, P.C.

By: /s/ _____
M. Lani Esteban-Trinidad
Nevada Bar No. 006967
4315 N. Rancho Dr., Ste 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Fax: (702) 736-5299
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Defendants' attorneys mailed Plaintiff their billing invoices for work they performed in this case. This happened not once, but twice. This first time it happened, Plaintiff immediately told his attorney and his attorney immediately notified Defendants' attorneys. After that, it happened again. The second time it happened, Plaintiff informed his attorney. Plaintiff's attorney then informed Defendants' attorneys that, indeed, it had happened again. Plaintiff believes these invoices, particularly the second invoice, supports Plaintiff's claim for retaliation. In particular, Defendants were poised to terminate Plaintiff's employment with Defendant on or about the same day Plaintiff requested his Right to Sue letter from the Equal Employment Opportunity Commission (EEOC).

On April 30, 2010, Defendants filed a Motion in Limine seeking to exclude from evidence Defendants' counsel billing invoices that Defendants mailed via regular mail to Plaintiff (not Plaintiff's counsel) at Plaintiff's place of residence on two (2) separate occasions.

In its Motion, Defendants argue that, because they have not mailed the invoices "voluntarily," they have not waived attorney-client privilege and the invoices should not come into evidence. In sum, they claim that as long as information protected by the attorney-client privilege is "involuntarily" produced, the privilege is not waived. See Motion, 9:16-4. Inadvertence, however, does not preclude waiver. Involuntary production does not preclude waiver of privilege as a matter of law.

Additionally, Defendants need to show they pursued "all reasonable means" to protect the confidentiality once they became aware of the mistake. Defendants failed to meet this burden. Upon discovering its first mistaken mailing of invoices to Plaintiff, Defendants apparently did not take "<u>all reasonable means</u> of preserving the confidentiality of the privileged matter" or take steps to avoid the mistake from reoccurring because it happened again. This is how Plaintiff received the second "mistaken"

invoice from Defendants' attorneys.

Moreover, <u>Defendants sent their billing invoices to Plaintiff himself, not to Plaintiff's counsel.</u> By revealing privileged information directly to Plaintiff, Defendants' waived privilege regardless of whether or not the disclosure was voluntary and whether or not Defendants' subsequently pursued "all reasonable means" to protect the privilege. By sending the invoices to Plaintiff directly, Defendants placed the information out in the open, it lost its confidentiality and is therefore no longer privileged.

Plaintiff believes Defendants' invoices contain information which is highly relevant and material to the issue in this case. Defendants' billing invoices tend to support Plaintiff's claim of retaliation because they the invoices reveal Defendants were preparing to terminate Plaintiff after receiving his Right to Sue letter.

## II.
## ARGUMENT

### A.  **Legal Standard.**

"[I]nadvertence of disclosure does not as a matter of law prevent the occurrence of waiver." *Weil v. Inv./Indicators, Research & Mgmt., Inc.,* 647 F.2d 18, 24 (9th Cir.1981) (internal citations omitted). Waiver of attorney-client privilege may be affected "by implication, even when disclosure of the privileged material was "inadvertent" or involuntary." *United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1981) (citing *Weil,* 647 F.2d at 24). The burden of proving the non-waiver of attorney-client privilege is on the party asserting the privilege. *Weil,* 647 F.2d at 25 (internal citations omitted). The Ninth Circuit found waiver of the privilege where "the privilege holder faile[d] to pursue **all reasonable means** of preserving the confidentiality of the privileged matter." *De la Jara,* 973 F.2d at 750 (emphasis added).

...

...

...

**B.     Defendants Waived Privilege As To Defendants' Invoices Because They Mailed Documents to Plaintiff On Two Separate Occasions.**

Defendants' failed to meet their burden that they have not waived privilege in regards to the documents in question here. Under *Weil*, Defendants' argument that involuntary disclosure prevents waiver of privilege fails as a matter of law. Defendants assert "the inadvertent disclosure was not meant to be a waiver of privilege since it was not a ***voluntary*** production of privileged documents." See Motion, 3:4-5.

Further, because the invoices are material and relevant to proving retaliation (one of Plaintiff's two claims), Defendants' assertion that they did not intend to waive the privilege is insufficient to prove non-waiver. "Where party asserting privilege had disclosed content of privileged communication which was relevant and material to issue in the case, (a) party's bare assertion that it did not subjectively intend to waive privilege was insufficient to make out necessary element of non-waiver." *Weil*, 647 F.2d at 18 (internal citations omitted). The information contained in the invoices tends to support Plaintiff's retaliation claim by providing information about Defendants' intent to terminate Plaintiff, shortly after receiving his Right to Sue letter. Defendants' subjective intent is irrelevant. Defendants' actions show they waived privilege.

Additionally, Defendants failed to meet their burden in proving they pursued "*all reasonable means*" to preserve the privileged information contained in Defendants' invoices. The only effort that Defendants made to preserve the information was asking Plaintiff's counsel to provide the documents back, which Plaintiff's counsel did. See Motion, 26:27-4. Under *de la Jara*, this is insufficient to meet the burden of showing Defendants exhausted "all reasonable means" to preserve the privileged information. Defendants sent the invoices in question to Plaintiff at his place of residence on two (2) separate occasions, first on January 9, 2009 and the second time on February 13, 2009. See Motion, Ex. A. Both times, Plaintiff's counsel properly notified Defendants' counsel and asked them to prevent this from happening again. *Id.*

Although they received proper notification, Defendants still sent the privileged invoices to Plaintiff a second time. This shows complete lack of diligence on part of Defendants. Defendants did not pursue "all

reasonable means" to preserve the privileged information. Had they done so the first time, perhaps it would not have happened yet again.

Additionally, Defendants failed to pursue "all reasonable means" to preserve the privileged information because, although they were aware Plaintiff may be planning on using the information in support of his lawsuit (Motion, 18:24-4), they still did not raise the issue until now with the current Motion. Defendants could have moved for a protective order. They did not. From January, 2009 until April, 2010, for about over a year and three months, Defendants did absolutely nothing about to protect the privileged information.

Based upon the foregoing, Defendants have not exhausted "all reasonable means" to protect the confidentiality of the invoices and failed to meet their burden in showing they exhausted "all reasonable means." Therefore, Defendants have waived privilege as to the invoices in question.

### C.  Defendants Mailed the Invoices Directly To Plaintiff, Not To Plaintiff's Counsel.

On two separate occasions, Defendants' counsel mailed their billing invoices to Plaintiff (not Plaintiff's counsel), which: (1) was unauthorized communication with a party represented by counsel (Rule 4.2 of Model Rules of Professional Conduct); and (2) waived privilege of the documents because Defendants revealed the invoices to a person other than counsel. "[I]nvolvement of an unnecessary third person in attorney-client communications destroys confidentiality..." *Insurance Co. of North America v. Superior Court*, 108 Cal.App.3d 758, 765, 166 Cal. Rptr. 880, 884 (Cal. App. 2 Dist. 1980). The information is out in the open, it is no longer confidential. Matters disclosed in public lose their privileged status.

### D.  Plaintiff's Counsel Acted In Good Faith & Complied With The Rules By Immediately Notifying Defendants About Plaintiff Receiving Defendants' Invoices.

Upon being notified by Plaintiff that he received Defendants' invoices, Plaintiff's counsel immediately notified Defendants. See Motion, 17:18-4. Rule 4.4 of the Model Rules of Professional Conduct, which applies in such situations, states that a lawyer who receives a document inadvertently sent

"shall promptly notify the sender." The Rule was amended to no longer require the lawyer to refrain from reading the inadvertently sent document or to mail it back. The Comments after Rule 4.4 explain that "some lawyers may chose to return the document unread," and that "the decision to voluntarily return such document is a matter of professional judgment ordinarily reserved to the lawyer." Rule 4.4, Comment 3.

Plaintiff complied with Rule 4.4 by immediately notifying Defendants. Any assertions by Defendants about Plaintiff's alleged incompliance with the rules of ethics are unwarranted.

### III.
### CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests this Court to deny Defendants' Motion in Limine to Exclude from Evidence and Testimony Invoices from Defendants' Attorneys.

DATED this 17th day of May, 2010.

ESTEBAN-TRINIDAD LAW, P.C.

By: _____
M. Lani Esteban-Trinidad
Nevada Bar No. 006967
4315 N. Rancho Dr., Ste 110
Las Vegas, Nevada  89130
Telephone: (702) 736-5297
Fax: (702) 736-5299
Attorney for Plaintiff

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 17th day of May, 2010, I served a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE AND TESTIMONY INVOICES FROM DEFENDANTS' ATTORNEYS, upon the appropriate parties hereto, by enclosing it in a sealed envelope, postage fully prepaid thereon, deposited in the United States mail, addressed to:

Robert Rosenthal, Esq.
Howard & Howard
3800 Howard Hughes Parkway #1400
Las Vegas Nevada 89169
Attorney for Defendants

_/s/_____
An employee of Esteban-Trinidad Law, PC