Howard & Howard Attorneys PLLC
Robert L. Rosenthal, Esq.
NV Bar No. 6476
3800 Howard Hughes Pkwy., Ste. 1400
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
E-Mail Address: rlr@h2law.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDY DOSSAT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HOFFMANN-LA ROCHE, INC. dba ROCHE LABS, a New Jersey Corporation; ROCHE LABORATORIES, INC., a corporation, DOES 1 through 10, inclusive, ROES CORPORATIONS/ENTITIES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 2:09-CV-00245-KJD-PAL<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE AND TESTIMONY INVOICES FROM DEFENDANTS' ATTORNEYS** |

**A.   <u>PLAINTIFF'S RESPONSE MISSTATES THE FACTS SURROUNDING DEFENDANTS' INADVERTENT DISCLOSURE OF THEIR BILLING INVOICES.</u>**

Plaintiff's Response claims that Defendants' *counsel* sent Howard & Howard's invoices to Plaintiff directly. This is not the case. When Plaintiff's attorney first notified Defendants' counsel that Plaintiff had received one of its invoices, Defendants' counsel did not know how that could have occurred, and after talking to Howard & Howard's office staff, assumed that Howard & Howard had sent the invoice to Plaintiff by accident.

Thereafter, Plaintiff's attorney advised Defendants' counsel that Plaintiff had received another of Howard & Howard's invoices. At that point, Defendants' counsel asked Plaintiff to return the invoices and investigated the matter further. Upon review of the invoices and further

1624032

discussions with Plaintiff's attorney, it was discovered that Howard & Howard had properly sent its invoice to Roche's accounting department at its corporate headquarters in New Jersey. Defendants' accounting department received the invoice; but when it saw the subject line of the document (which referenced Randy Dossat), it simply assumed that Plaintiff was supposed to receive the invoice – because he was still employed as a District Sales Manager for the Company at the time – and forwarded it on to Dossat at his home address.

As soon Defendants' counsel determined how the invoices were sent to Plaintiff, Defendants' counsel was able to rectify the problem and it never recurred.

Neither Howard & Howard nor Defendants' in-house counsel ever sent Plaintiff invoices intentionally or by accident. Plaintiff's assertion to the contrary is an utter fabrication and misrepresents the facts. Further, the only document produced during discovery which indicated that Plaintiff might try to introduce the invoices was Dossat's Supplementary Interrogatory Responses, which were served on February 3, 2010. Therefore, Defendants have not been dilatory in moving to exclude them from evidence.

**1.   Plaintiff's Contention That Defendants' Counsel Violated The Model Rules Of Professional Conduct Is Sheer Nonsense.**

Plaintiff's Response contends that Defendants' Counsel violated Rule 4.2 of the Model Rules of Professional Conduct (i.e. unauthorized communication with a party represented by counsel and waiver) by sending the invoices directly to Dossat. Plaintiff's allegation is ludicrous. Plaintiff's counsel is well aware that Defendants' outside and in-house counsel had nothing to do with Howard & Howard's invoices being inadvertently sent to Plaintiff. For Plaintiff to knowingly claim otherwise, constitutes a violation of Rule 3.3(1) and Rule 3.4(2) of the Nevada Rules of Professional Conduct. Accordingly, Plaintiff's attorney should be appropriately reprimanded.

**B.   PLAINTIFF'S CASE LAW REGARDING WAIVER IS INAPPOSITE.**

Plaintiff's Response relies on *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18 (C.A. 1981), which held that the burden of proving the attorney-client rests with the party asserting it, and that it must prove there was not a waiver of the privilege. The Court also concluded that where party asserting privilege had disclosed the

1624032

content of a privileged communication which was relevant and material to an issue in the case, the party's *bare assertion* that it did not subjectively intend to waive the privilege was insufficient to make out necessary element of nonwaiver. Finally, the Court stated that the privilege holder must have pursued all reasonable means to preserve confidentiality. *Id.* at 25.

In the present case, Defendants have not simply made a bare assertion of nonwaiver. Defendants' have explained and demonstrated that the invoices were inadvertently forwarded to Plaintiff's home by Roche's accounting department. Clearly, Howard & Howard's invoices were never intended to be seen by Plaintiff or his counsel.

The invoices are also not relevant and material to any issues in the case. Plaintiff maintains the invoices support his retaliation claim because they reveal that Defendants intended to terminate Plaintiff's employment. They do not. Plaintiff neglects to mention that he was never fired – Dossat was administratively terminated in May 2010 after his Short Term Disability leave expired and he refused to return to work (despite his doctor stating that he was medically fit to resume his duties). Further, Plaintiff was administratively terminated approximately 1 ½ years after Howard & Howard's invoices were forwarded to him.

Further, the invoices simply reflect that Plaintiff's termination was *discussed* between Defendants and their counsel. Plaintiff does not need to introduce Howard & Howard's invoices to present this information. Plaintiff already deposed Defendants' Human Resources Manager, Kristine Koptchev, who testified that she was present during meetings where Dossat's termination was discussed. If this matter goes to trial, Plaintiff can simply call Koptchev as a witness to achieve the same result.

C. **CONCLUSION.**

Defendants' legal invoices are privileged communications between Defendants and their counsel. *See* FRE 501. It is clear from the correspondence between Plaintiff's attorney and Defendants' counsel that Plaintiff's attorney knew that the documents were privileged and were inadvertently forward to Dossat by Roche's accounting department; yet, she did not return the documents, even after Defendants' counsel immediately asked to send a runner to retrieve the invoices. Defendants and their counsel would never have authorized the release of legal

1624032

invoices to Plaintiff. Accordingly, Plaintiff should not be permitted to introduce the invoices or testify about their contents. In addition, Plaintiff should be ordered to redact any and all references to Howard & Howard's invoices in his responses to discovery requests.

Dated: July 5, 2010　　　　　　　　　　　　　　Howard & Howard Attorneys PLLC

　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Robert L. Rosenthal
　　　　　　　　　　　　　　　　　　　　　　　　　　Robert L. Rosenthal
　　　　　　　　　　　　　　　　　　　　　　　　　　3800 Howard Hughes Parkway, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada  89169
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

1624032