# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANDY DOSSAT, | |
| Plaintiff, | Case No. 2:09-CV-00245-KJD-PAL |
| v. | **ORDER** |
| HOFFMANN-LA ROCHE INC., et al., | |
| Defendants. | |

Currently before the Court is Defendants' Motion for Summary Judgment (#33). Plaintiff filed a Response in opposition (#39), to which Defendants filed a Reply (#40). Additionally before the Court is Defendants' Motion in Limine (#32) to Exclude from Evidence and Testimony, Invoices From Defendants' Attorneys. Plaintiff filed a Response in opposition (#37), to which Defendants filed a Reply (#41). The Court has considered both Motions, their Responses, and Replies, and issues its ruling on both Motions jointly herein.

**I. Background**

On February 6, 2009, Plaintiff fifty-six year old Randy Dossat ("Dossat") filed the instant age-employment discrimination and retaliation action against Defendant Roche Laboratories Inc. ("Roche"), where he had been employed as a Division Sales Manager ("DSM") for approximately ten years. Dossat alleges that Roche discriminated against him on the basis of age, when Roche

hired a new senior manager in 2006, who made unlawful age-related remarks to Plaintiff and retaliated against him for filing a discrimination claim by denying him eligibility for certain bonuses and salary raises.

Dossat was hired by Roche on April 16, 1997, as a Division Sales Manager ("DSM") for its Primary Care Division in its West Region, known as Region 7, which includes Las Vegas, Nevada. In June of 2006, Dossat applied for a position as the Regional Sales Director ("RSD") over Region 7, yet was ultimately not selected for the job. Plaintiff was advised that he did not get the job because he lacked marketing experience. In October 2006, Roche hired James Holloway ("Holloway") as its RSD over Region 7, including supervision over Plaintiff's division. Holloway was forty-three years old at the time of the appointment.

Plaintiff alleges that after a decade of employment with Roche, earning top ranks and achievement awards, his age "became an issue" that adversely affected the terms and conditions of his employment. Plaintiff avers that beginning in January 2007, his new supervisor, Holloway, referred to Plaintiff as "old school", not a proper fit for the "new environment" of the Company, and made several comments to Plaintiff about "retiring", or stating that Plaintiff had experienced "lapses in judgment", or was a "tenured" employee. (#39 at 1–2.)

Beginning in May 2007, Plaintiff received a handful of reprimands from Holloway involving incidents such as Dossat's displaying an unapproved promotional banner at Roche's sponsored booth at a medical Convention, the approval of improper expenses by members of Dosset's sales team, and Dosset ordering two bottles of wine at a client dinner. As a result of said reprimands in 2007, Plaintiff was deemed ineligible to receive a portion of his Variable Pay (bonus compensation) for 2007. Plaintiff received at least two written reprimands, and in January of 2008, was informed that he had received a "Does Not Meet" rating for the 2007, year. In 2008, Plaintiff again received a "Does Not Meet" rating, and on March 18, 2009, was placed on a Performance Improvement Plan ("PIP").

After being deemed ineligible to receive a portion of his variable pay in 2007, Plaintiff filed an internal complaint with Roche's Human Resources Department ("HR") alleging age-discrimination. Roche conducted an investigation into Plaintiff's internal complaint, and on March 17, 2008, concluded that Plaintiff's allegations could not be substantiated. On or about June 2, 2008, Plaintiff filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC"). (#39 at 5.) On or about February 9, 2009, Plaintiff filed a second complaint alleging Retaliation, with the EEOC.

On or about March 31, 2009, Plaintiff underwent elective shoulder surgery and took short-term disability ("STD") leave until June 18, 2009. Plaintiff again took disability leave on August 18, 2009, due to "stress" and did not return to work until November 23, 2009. On or about April 8, 2010, after missing several scheduled meetings with Holloway regarding his PIP progress, Plaintiff advised Holloway that he would be out on disability leave again until May 6, 2010. Pursuant to Roche's benefits and disabilities policies, an employee may seek STD leave for no more than 182 days during any 365 day rolling period. If an employee exceeds this number, the employee is administratively terminated, and eligible to apply for long-term-disability ("LTD").

On April 9, 2010, a representative with Roche's Employee Health Services office contacted Plaintiff to inform him that he would exceed his permitted STD limit on April 14, 2010, if he did not return to work on or before that day. In spite of informing Roche that he would return to work on April 14, 2010, Plaintiff did not return to work, and was administratively terminated on April 15, 2010.

Plaintiff's Complaint brings six claims for relief: (1) Age Discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) Retaliation in violation of Title VII Section 704(a); (3) Negligent Hiring; (4) Negligent Training and Supervision; (5) Negligent Retention; and (6) Intentional Infliction of Emotional Distress.

1  Defendants seek that the Court grant summary judgment for each of Plaintiff's claims
2  pursuant to Fed. R. Civ. P. 56.  Plaintiff, in opposition, argues that there are several issues of material
3  fact that preclude summary judgment.

**II. Standard of Law for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the nonmoving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

4

bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

**III. Analysis**

    **A. Age discrimination**

Under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a et seq., an employer cannot take an action against a person who is forty or older because of that individual's age.  29 U.S.C. § 633a(a).  "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision."  Gross v. FBL Financial Services, Inc. --- U . S. ----, 129 S.Ct. 2343, 2350 (2009). Under "but-for" causation, a plaintiff must show that age was "the reason" for the adverse employment action; there is no ADEA liability for "mixed motive" employment actions.  See id. at 2350, 2352; Leibowitz v. Cornell Univ., 584 F.3d 487, 498 n. 2 (2d Cir. 2009).  The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age.  See Gross, 129 S.Ct. at 2352.

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that he (1) was a member of a protected class; (2) was performing his job in a satisfactory manner; (3) was subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications.  See Smith v. FJM Corp., 2009 WL 703482 at *9 (D.Nev. March 16, 2009).  Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse action.  Sischo-Nownejad v. Merced Community College Dist, 934 F.2d at 1109 (overruled on other grounds, see Dominguez-Curry, 424 F.3d at 1041).  Once the employer articulates a nondiscriminatory reason for the employment decision, the burden shifts back to the plaintiff to show that the employer's reason was a pretext for discrimination.  Id.  A plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of

credence." Godwin v. Hunt Weson, 150 F.3d 1217, 1220 (9th Cir. 1998) (citing Texas Dept. of Comunity Affairs v. Burdine, 450 U.S. 253, 256 (1981)).

It is undisputed that Dossat is over the age of forty, and thus a member of the protected class. It is also undisputed that Dossat was deemed ineligible to receive certain benefits, and ultimately was terminated from his employment. Roche argues however, that Dossat fails to establish the second and fourth elements required to establish a prima facie case of age discrimination because he cannot show that he was performing his job satisfactorily, and because he was not replaced by a substantially younger employee with equal or inferior qualifications.

*1. Satisfactory Job Performance*

Defendants aver that Dossat cannot show that he was performing his job in a satisfactory manner because he had been reprimanded on numerous occasions, was not "improv[ing] his performance, and had been playing fast and loose with Roche's policies and procedures." (#33 at 23.) The Court finds however, that Plaintiff has met the relatively low threshold required to show his job performance was satisfactory.

Additionally, though Defendants establish a legitimate non-discriminatory reason for their termination of Plaintiff's employment, by arguing that his termination was an administrative action, the Court finds that Plaintiff provides evidence of discriminatory comments and other actions made by Roche and/or Holloway sufficient to raise a triable issue of fact that Defendants actions against him were pretextual. (See Supra, Section II. B. Retaliation.)

*2. Replacement*

Additionally, Defendants argue that Plaintiff cannot maintain his claim that he was replaced by a substantially younger employee with equal or inferior qualifications, because at the time Plaintiff filed his Complaint, he had "not been yet replaced by anybody". (#33 at 24). The Court finds two factors that mitigate against Defendants' argument.

First, Plaintiff claims that he was forced to resign because of intolerable working conditions. To establish such a constructive discharge claim, a Plaintiff must show at least some aggravating

factors, such as a continuous pattern of discriminatory treatment.  See Schnidrig v.Columbia Machine, Inc., 80 F.3d 1406, 1412 (9th Cir. 1996).  As discussed above, the Court finds that an issue of fact remains as to whether Defendants' comments and treatment constitute discriminatory conduct, and or pattern of such conduct by Roche or Holloway.

Additionally, as noted by Defendants, Plaintiff's NERC Charge of Age Discrimination claimed *inter alia* that three other managers over the age of 50 had left Roche because of Holloway's discriminatory conduct towards them, and that said employees were replaced by younger employees.  (#33 at 5; Ex. R.)  Accordingly, the Court finds that Plaintiff's ADEA claim should not be summarily adjudicated.

**B. Retaliation**

As with a claim brought under the ADEA, to establish a prima facie case of retaliation, a plaintiff must demonstrate: "(1) he engaged in an activity protected under Title VII; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." Thomas v. City of Beaverton, 379 F.3d 802, 811 (9th Cir. 2004) (citing Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000)).  If a plaintiff establishes a prima facie case of retaliation, the Court employs the same burden shifting scheme as it does with the ADEA.

Plaintiff alleges here that Holloway retaliated against him for filing his age discrimination complaint with HR on December 14, 2007, by communicating a "Does Not Meet" rating for the 2007, year in February 22, 2008.  (#33 at 25.)  Defendants allege that Plaintiff cannot maintain his allegations of retaliation however, because Holloway only became aware that Plaintiff had filed a discrimination claim on February 6, 2009, when he was sent a copy of the Federal Court Complaint.  The evidence demonstrates however, that Holloway could have known Plaintiff made a Complaint as early as March 2008, when he received the Complaint Closure Form from Roche's HR Department advising him that a Complaint had been filed against him by a tenured employee regarding age

1   discrimination, and also by the fact that HR conducted an investigation, and made inquiry regarding
2   Holloway's use of the term "old school".  (#33 Ex. M.)

3   Plaintiff alleges that less than two months after he filed his internal complaint with Roche, he
4   received a negative performance evaluation, (#33 at 15; Ex. U), and that Holloway retaliated against
5   him by communicating a "Does Not Meet" rating for the 2007 year.  Plaintiff also claims that his
6   receipt of a negative performance review was also in retaliation for his complaints, and that the
7   reduction of his variable pay in 2007 and 2008, as well as his ineligibility to receive pay raises due to
8   being on a PIP was also retaliatory.

9   Defendants, in opposition, argue that the comments Plaintiff alleges were discriminatory
10  amount to nothing more than stray remarks, which are insufficient to support a claim of age
11  discrimination or retaliation.  See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.
12  1990).  The Court finds however, that Plaintiff cites to numerous incidents where language used or
13  actions taken by Holloway may be found by a finder of fact to constitute discriminatory conduct, or
14  to be probative of discriminatory intent.  Accordingly, the Court finds that Plaintiff's retaliation
15  claim should not be summarily adjudicated.

16  **C. Negligent Hiring, Training and Supervision and Retention**

17  In Hall v. Raley's, this Court recently found that "physical harm is necessary for a negligent
18  retention and supervision claim in Nevada."  Hall v. Raley's, 2010 WL 55332 *9 (D. Nev. January
19  2010).  Here, it is undisputed that Plaintiff was not physically harmed by Defendants, that Holloway
20  was qualified for the RSD position, and that Dossat and Holloway both received discrimination and
21  harassment training.  Additionally, although Plaintiff argues that Defendants did not properly
22  investigate Plaintiff's discrimination complaints, the record demonstrates that Defendants thoroughly
23  investigated Plaintiff's claims.  Moreover, Plaintiff fails to respond to Defendants' negligence related
24  arguments.  Accordingly, the Court finds that Plaintiff's negligence related claims should be
25  summarily adjudicated.

26

### D. Intentional Infliction of Emotional Distress

To establish a cause of action for intentional infliction of emotional distress, a plaintiff must demonstrate (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the Plaintiff has suffered severe or extreme emotional distress, and (3) actual or proximate causation. Barmettler v. Reno Air. Inc., 114 Nev. 441, 956 P.2d 1382 (1998). Having found that issues of fact prevent the Court from granting summary judgment on Plaintiff's claims for violation of the ADEA and Retaliation, the Court finds that issues of fact prevent it from granting summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

### IV. Motion in Limine

Defendants seek that the Court exclude from evidence and trial testimony certain invoices Defendants' attorneys inadvertently disclosed to Plaintiff, and request that the Court Order Plaintiff to redact any and all references to said invoices in his responses to discovery requests.

The Court has reviewed the Motion, and finds that the invoices at issue are privileged communications between Defendants and their counsel pursuant to Fed. R. Evid. 501. Thus, Defendants' Motion in Limine should be granted.

### V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#33) is **GRANTED** in part, and **DENIED** in part, as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (#32) to Exclude from Evidence and Testimony, Invoices From Defendants' Attorneys is **GRANTED.**

DATED this 31st day of March 2011.

_____
Kent J. Dawson
United States District Judge