**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDY DOSSAT, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-00245-KJD-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HOFFMAN-LA ROCHE, INC., *et al.*, ) | (Mot. Status Check - Dkt. #43) |
| ) | |
| Defendants. ) | |

Before the court is Plaintiff's Motion for Status Check on Trial Setting, and Pre-Trial Matters (Dkt. #43) filed May 3, 2011. On March 31, 2011, the district judge entered an Order (Dkt. #42) granting in part and denying in part Defendants' motion for summary judgment.

Plaintiff's counsel represents that after the order was issued, counsel for Plaintiff initiated and attempted to prepare the draft Joint Pretrial Order as required by LR 16-3(c). A telephonic conference call was scheduled for April 13, 2011, with opposing counsel. However, counsel for Plaintiff represents that on the day of the conference, Defendants' counsel called Plaintiff's counsel's office multiple times to reschedule. Defendants' counsel ultimately sent Plaintiff's counsel an e-mail stating that Defendants intended to file a motion for reconsideration, and possibly a writ of mandamus. The parties have not yet conferred to prepare a Joint Pretrial Order. In an effort to avoid filing this motion, Plaintiff's counsel called Defendants' counsel April 28, 2011, and May 3, 2011. However, Defendants' counsel was unavailable on both dates. Counsel for Plaintiff has not yet heard from Defendants' counsel concerning his intentions, and therefore seeks a status hearing.

The parties were required to meet and confer and to file a Joint Pretrial Order within thirty days of decision of the Defendants' motion for summary judgment. Counsel for Plaintiff represents she initiated efforts to prepare the Joint Pretrial Order, but that defense counsel has not cooperated. The

Joint Pretrial Order should have been filed with the court no later than May 2, 2011.  *See* LR 26-1(e)(5). A review of the court's docket indicates Defendants have not filed a motion to reconsider the district judge's order.  Moreover, even if defense counsel had timely filed a motion to reconsider, or for other relief, it would not relieve him of the obligation to cooperate with and submit a Joint Pretrial Order. Accordingly,

**IT IS ORDERED** that:

1. Counsel for Defendants shall cooperate with counsel for Plaintiff in filing a Joint Pretrial Order.
2. The parties shall have until **May 18, 2011**, in which to file the Joint Pretrial Order which fully complies with the requirements of LR 16-3 and 16-4.
3. Plaintiff's Motion for a Status Hearing (Dkt. #43) is **GRANTED** and a status hearing is set for **May 24, 2011, at 10:30 a.m.,** in Courtroom 3B.
4. Failure to timely comply with the requirements of this order may result in the imposition of sanctions.

Dated this 5th day of May, 2011.

_____
Peggy A. Leen
United States Magistrate Judge