# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANDY DOSSAT, | |
|     Plaintiff, | Case No. 2:09-CV-00245-KJD-PAL |
| v. | **ORDER** |
| HOFFMANN-LA ROCHE INC., *et al.*, | |
|     Defendants. | |

Before the Court is Defendants' Motion for Reconsideration (#45). Plaintiff opposed this motion (#55) and Defendants replied (#56).

I. Background

The Court issued an Order (#42) granting in part and denying in part Defendants' Motion for Summary Judgment. The Court considered the arguments of the parties and found that issues of material fact existed on Plaintiff's claims for age discrimination, retaliation, and intentional infliction of emotional distress.

Defendants brought this Motion, arguing that the Court was in "clear error" that its determination was "manifestly unjust" in ruling that issues of fact existed on all claims which the Court declined to summarily adjudicate.

II.  Discussion

Motions for reconsideration are committed to the discretion of the trial court.  See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it.  See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented.  See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003);  "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially."  Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263).  In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier.  See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).  If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See Id.

In their Motion, Defendants do not make any new arguments, present any new evidence, or point to any new controlling law.  Defendants' Motion urges the Court to reexamine the circumstances of Plaintiff's termination.  Specifically, Defendants assert that the termination of the Plaintiff could not have been pretextual, could not have been retaliation, and could not have constituted constructive discharge because it was an administrative termination.  Defendants also argue for reconsideration of Court's decision to deny summary judgment on the intentional infliction of emotional distress claim since it arose.

Defendants raised these argument and presented the facts of Plaintiff's termination in their Motion for Summary Judgment and Reply (##33, 40). The Court considered these arguments and ruled in its Order that there was an issue of fact as to whether intolerable working conditions led to Plaintiff's constructive discharge. (#42 at 6-7.) Accordingly, reconsideration of the Motion is unnecessary and the Defendants' Motion is Denied.

III.  Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (#45) is **DENIED**.

DATED this 3rd day of November 2011.

_____
Kent J. Dawson
United States District Judge

3