UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| RANDY DOSSAT, | 2:09-CV-00245-KJD-PAL |
| Plaintiff, | |
| vs. | **ORDER** |
| HOFFMANN-LA ROCHE INC, et al., | |
| Defendants. | |

Presently before the Court are Plaintiff's Motions in Limine 1-11 (#68). The Court has received Defendants' Opposition (#83) and Plaintiff's Reply (#87). Plaintiff subsequently withdrew his Motion in Limine No. 3 (#85). Also before the Court is Plaintiff's Motion in Limine 12 (#76). The Court has also received and considered Defendants' Opposition (#84) and the Reply (#87).

Also before the Court are Defendants' Motions in Limine 1 (#72) to which Plaintiff has filed an Opposition (#79) and Defendants have replied (#88); Defendants' Motion in Limine No. 2 (#73) which Plaintiff has opposed (#80) to which Defendants replied (#89); Defendants' Motion in Limine No. 3 (#74) which Plaintiff has opposed (#81) and Defendants have replied (#90); and Defendants' Motion in Limine No. 4 (#75) to which Plaintiffs have filed an opposition (#82), to which Defendants have replied (#91).

ANALYSIS

Plaintiff's Motion in Limine No. 1 seeks to preclude evidence regarding the date when Plaintiff sought advice of legal counsel. The Motion is denied. The fact that Plaintiff sought advice

of counsel following his second disciplinary write-up and before complaining about alleged discrimination is relevant to the issues which will be presented to the jury.

Plaintiff's Motion in Limine No. 2 seeks to preclude all documents mailed to Plaintiff's counsel on January 20, 2012, that had not been previously produced.  This Motion apparently relates to Plaintiff's application for and receipt of short term disability and long term disability benefits. These documents contain information concerning benefits applied for and received by Plaintiff, of which he had personal knowledge, at all times.  The Motion is denied.

Plaintiff's Motion in Limine No. 3 seeks to preclude reference to Plaintiff's administrative discharge.   Defendants agree that such evidence is irrelevant because Plaintiff did not exhaust his administrative remedies and did not plead the event as the basis for any claims in his complaint.  In an apparent change of trial strategy, Plaintiff has filed his Notice of Withdrawal of the Motion (#85). However, the Court has determined that Plaintiff's termination is not properly before the Court. Accordingly, the Motion in Limine is granted.

Plaintiff's Motion in Limine No. 4. seeks to preclude any argument or evidence supporting any affirmative defense not plead in Defendants' answer.  As Plaintiff does not specify the affirmative defense at issue, the Motion is denied without prejudice.

Plaintiff's Motion in Limine No. 5 seeks to preclude witnesses who are over 40 from testifying that they never experienced discrimination from Defendants.  Defendants state that only reason they would seek to introduce testimony by witnesses over age 40 would be as rebuttal evidence to Plaintiff's proposed "me too" and comparitor evidence.  Since the Court has no intention of allowing the Plaintiff to introduce any such evidence, the Motion is moot.

Plaintiff's  Motion in Limine No. 6 seeks to preclude reference to any collateral source of payments to Plaintiff.  The Motion does not identify any specific collateral source.  Defendant states that if Plaintiff is referring to short term and long term disability insurance benefits received by Plaintiff, those benefits would only be relevant if Plaintiff's termination is an issue at trial and Plaintiff seeks and is eligible to receive back pay.  Because Plaintiff's termination is not an issue in

this case, the Motion is moot. This ruling does not affect the finding of the Court that the application for and receipt of disability leave is relevant to other issues in this case.

Plaintiff's Motion in Limine No. 7 seeks to preclude evidence or testimony regarding Plaintiff's background in Human Resources. The Motion is denied. Plaintiff's experience in Human Resources is relevant to his course of conduct following his initial discipline.

Plaintiff's Motion in Limine No. 8 seeks to preclude argument or inference that Plaintiff took short term or long term disability for any improper purpose. Such evidence is relevant and probative of Plaintiff's claim that he was placed on a permanent performance improvement plan and his response to disciplinary notices. The Motion is denied.

Plaintiff's Motion in Limine No. 9 seeks to preclude argument or inference that Defendants would have fired Defendant during a reduction of district sales managers that occurred in November 2007. As Plaintiff's termination is not at issue in this case, the Motion is moot.

Plaintiff's Motion in Limine No. 10 seeks to preclude testimony that Plaintiff relied on advice of legal counsel. Defendants state that they do not intend to introduce any such testimony or assert a defense based on advice of counsel. Accordingly, the Motion is moot.

Plaintiff's Motion in Limine No. 11 seeks to preclude attorneys for Defendants from testifying at trial. Defendants stated that they do not intend to present any such testimony. Accordingly, the Motion is moot.

Plaintiff's Motion in Limine No. 12 seeks to exclude all of Defendants' exhibits in the Pre-Trial Order (#51) that were not bates stamped or previously produced during the course of discovery. This Motion is granted except for documents related to Plaintiff's application for and receipt of short term disability and long-term disability leave to the extent such may still be relevant to the issues remaining.

Defendants' Motion in Limine No. 1 seeks to exclude evidence regarding Plaintiff's separation of employment. Plaintiff's termination of employment is not properly before the Court and the Motion is granted.

Defendants' Motion in Limine No. 2 seeks to exclude evidence and testimony related to value of life and/or damage calculations. Defendants point out that they do not seek to exclude evidence of economic damages. To the extent Plaintiff seeks to introduce evidence of reduction of value of life, or "hedonic" damages, such evidence is not relevant where Plaintiff's termination is not properly before the Court. Plaintiff's expert testimony is speculative and unreliable and will not be helpful to the jury. The jury would be able to make its own decision on damages if it finds intentional infliction of emotional distress. Accordingly, Defendants' Motion in Limine No. 2 is granted.

Defendants' Motion in Limine No. 3 seeks to exclude comparator and prior acts evidence. Plaintiff argues that he is not offering the statements for the truth of the matter asserted. However as a practical matter, even with a limiting instruction, such uncorroborated evidence cannot be separated from the truth of the matter asserted by a jury composed of lay persons. Such evidence is directly related and inextricably intertwined with Plaintiff's burden to prove that retaliation occurred. The prejudice associated with allowing introduction of such evidence far outweighs any probative value. Accordingly, the Motion is granted.

Defendants' Motion in Limine No. 4 seeks to exclude testimony regarding Plaintiff's alleged emotional distress and damages related thereto. In this Motion, Defendants argue that Plaintiff cannot prove Defendants' conduct was extreme or outrageous. This is a jury issue as the Court has previously ruled in its Order denying Defendants' Motion for Summary Judgment, and that portion of the instant Motion is denied. Defendants also assert that failure of Plaintiff to provide a supplemental expert disclosure of any additional information since April 22, 2010, the latest date Dr. Cruey saw Plaintiff, precludes use of such evidence. Dr. Cruey will not be allowed to testify to any information she obtained regarding Plaintiff after that date. Accordingly, the Motion is denied except as it relates to information obtained by Dr. Cruey after April 22, 2010.

DATED this __21__ day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

4